FILED

NOT FOR PUBLICATION

APR 18 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN ALEX JEFFERSON,

Defendant - Appellant.

No. 15-30041

D.C. No. 2:14-cr-00246-RAJ

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted April 13, 2016[**]

Before:    FARRIS, TALLMAN, and BYBEE, Circuit Judges.

John Alex Jefferson appeals from the district court's judgment and challenges

the 46-month sentence imposed following his guilty-plea conviction for conspiracy

to distribute to controlled substances, in violation of 21 U.S.C. §§ 841(a)(1),

(b)(1)(C), and 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Jefferson contends that the district court procedurally erred by failing to (1) resolve an alleged factual dispute regarding his history of domestic violence, in violation of Federal Rule of Criminal Procedure 32(i)(3)(B); (2) explain adequately its reasons for imposing an above-Guidelines sentence; and (3) consider his mitigating arguments. We review for plain error, *see United States v. Christensen*, 732 F.3d 1094, 1101 (9th Cir. 2013), and find none. The record reflects that Jefferson failed to raise any specific factual objections to the presentence report; accordingly, the district court's obligations under Rule 32(i)(3)(B) were not triggered. *See United States v. Petri*, 731 F.3d 833, 841-42 (9th Cir. 2013). Moreover, the district court considered Jefferson's mitigating arguments and adequately explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

Jefferson also contends that his sentence is substantively unreasonable in light of his personal characteristics and the disparity between his sentence and that of his wife. The district court did not abuse its discretion in imposing the 46-month, above-Guidelines sentence in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Jefferson's extensive criminal history. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**